#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ALABAMA
#### MIDDLE DIVISION

| | |
|---|---|
| **JAN JOHNSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 4:19-CV-1142-CLM** |
| | ) |
| **BPS DIRECT, LLC, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### MEMORANDUM ORDER

Plaintiff Jan Johnson ("Johnson") fell and injured herself in a parking lot owned by Defendant White River Marine Group, LLC d/b/a Triton Boats ("White River"), a subsidiary of Defendant BPS Direct, LLC ("BPS Direct"). Johnson sues BPS Direct and White River ("Defendants"), alleging common law negligence and wantonness. Doc. 1.

Johnson is from and sued in Alabama, but she fell in Tennessee. Defendants have moved for summary judgment on all claims, arguing that the claims are time-barred under Tennessee's 1-year statute of limitation. *See* Tenn. Code § 28-3-104(a)(1)(A). Doc. 36. But as detailed within, the court finds that (1) Alabama's 2-year statute of limitations applies and (2) equitable concerns do not prevent Johnson from choosing to file her case in a State with a longer statute. So the court **denies** Defendants' motion for summary judgment.

## STATEMENT OF THE CASE

Johnson fell and injured herself on November 7, 2017. She sued Bass Pro World, LLC on November 1, 2018, in Tennessee state court. That case was removed to federal court. But Bass Pro World, LLC neither owned nor operated the parking lot, so it moved for summary judgment. Johnson filed a motion to voluntarily dismiss her case to refile against new Defendants, which the federal granted.

Johnson then filed this diversity action against Defendants on July 19, 2019, having learned that they (not Bass Pro World, LLC) owned the parking lot. In other words, Johnson sued Defendants more than one year, but less than two years, after she fell—thus the fight over the 1-year versus 2-year statutes of limitation.

## STANDARD OF REVIEW

**I.    Rule 56 Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But once a defendant raises a statute of limitations defense, the plaintiff must prove they filed the action in the allowable period. *Vinsant Painting & Decorating, Inc. v. Koppers Co.*, 822 F.2d 1022, 1022 (11th Cir. 1987).

## II.     Statute of Limitation: Choice of Law

A federal court sitting in diversity applies the choice of law rules of its home state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In tort cases like this, Alabama looks to the place of the injury (*lex loci delitci*) to determine substantive rights, and the place of the forum (*lex fori*) to determine procedural rights. *See Middleton v. Caterpillar Indus., Inc.* 979 So.2d 53, 57 (Ala. 2007). So the question is whether Alabama courts consider Tennessee's 1-year statute of limitation a substantive or procedural right. Because the answer to this question has split courts in this district, the court saves this discussion for its analysis section.

## ANALYSIS

The parties agree on the relevant facts, and neither seeks summary judgment on the merits of Johnson's claims. Rather, BPS raises one legal and one equitable argument: (1) Johnson's claims are barred by Tennessee's 1-year statute of limitation, and if not, (2) the court should dismiss Johnson's claims as a matter of equity because Johnson exploited Alabama's longer (2-year) statute of limitation, to Defendants' detriment. The court addresses each argument in turn.

## I.     Statute of Limitation

The question is clear enough: If a Plaintiff is injured in Tennessee and files her case in Alabama, does Tennessee's 1-year statute of limitation, *see* Tenn. Code § 28-3-104(a)(1)(A), or Alabama's 2-year statute of limitation, *see* Ala. Code § 6-2-

38, apply? But the answer has confounded this court, as shown by the conflicting results among judges in this district. *Compare Reece v. Intuitive Surgical, Inc*. 63 F. Supp. 3d 1337. (N.D. Ala. 2014) (applying Alabama's 1-year statute in a products liability case); *Randolph v. Tennessee Valley Authority*, 792 F. Supp. 1221 (N.D. Ala. 1992) (applying Alabama's 1-year statute in a simple negligence case) *with Murphy v. McGriff Transp., Inc.* 2012 WL 3542296 (N.D. Ala. Aug. 15, 2012) (applying Tennessee's 2-year statute in a wrongful death case).

The problem is not our ability to interpret Alabama law; rather that the Alabama Supreme Court announced conflicting standards for determining what constitutes a "substantive" statute of limitation in the early to mid-1980's. *See Randolph*, 792 F. Supp. at 1222 (stating that the state supreme court "created undisguised confusion" with its 1980 *Bodnar* decision); *Murphy*, 2012 WL 3542296 at *1 (stating that the 1980 *Bodnar* decision "muddied the water"). Below, this court straps on its waders and enters the same muddy waters.

### A. Alabama's Standard: "Statute of Creation" or "Public Policy"

Again, if a tort occurs in a foreign State, Alabama conflict of law rules say that the foreign State's law governs substantive issues and Alabama law governs procedural issues. The Alabama Supreme Court determines whether the foreign State's statute of limitation is substantive or procedural. *See, e.g.*, *Etheredge v. Genie Indus., Inc.*, 632 So.2d 1324, 1326 (Ala. 1994) ("it is up to this Court to determine,

for the purpose of this action, whether §1-50(6) is a substantive part or procedural part of North Carolina law").

The following chart summarizes the conflicting state-law standards that have been applied in this federal district:

|  | "Statute of Creation" or "Built-in" | "Public Policy" |
|---|---|---|
| Rule | Is the foreign State's time limitation so bound up in the statute creating the cause of action that the time limitation is considered a part of the substantive right itself? | Is the foreign State's time limitation part of that State's "public policy"? |
| Leading Case | *Etheredge v. Genie Indus., Inc.*, 632 So.2d 1324 (Ala. 1994) | *Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161 (Ala. 1980) |

Johnson argues that the "statute of creation" rule governs; Defendants argue that the "public policy" rule governs. So the court delves into Alabama Supreme Court history to determine which party is right. As you will see, one case—*Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161 (Ala. 1980)—is responsible for the confusion.

1. Pre-*Bodnar*: Before 1980, Alabama's rule was clear and was perhaps best explained in the following passage from the 1973 *Battles* decision:

> The general rule, long accepted by most of the courts of this country for determining the statute of limitations to be applied in such [wrongful death] cases as the *Mullins* case and the case at bar is to the effect that where a wrongful death occurs outside of the state in which the action is brought, the statute of limitations of the state where the action is brought controls unless the homicide or wrongful death statute where the accident occurred has a built-in statute of limitations. In that event,

the statute of the state where the accident occurred is generally held to control.

*Battles v. Pierson Chevrolet, Inc.*, 274 So. 2d 281, 285 (Ala. 1973). As *Battles* made clear, the only time that a foreign State's statute of limitation applied in a tort action was if the foreign time-bar was "built in" to the foreign statute that created the cause of action. *Id.* If the time-bar was found anywhere else, Alabama's statute applied.

    2. <u>*Bodnar* (1980)</u>: Francis Bodnar was killed in a plane crash in Georgia. Her estate filed a wrongful death action in Alabama, where the plane was sold. At the time (1977), Alabama's general statute of limitation was one year and Georgia's statute was two years—the opposite of the present conflict.[1] *Bodnar*, 392 So. 2d at 1162-63. Ignoring its historical "built in" rule, the state supreme court held that Bodnar's claim was governed by Georgia's two-year statute because (a) she pleaded in her complaint that the Georgia statute of limitation applied and (b) "the Georgia Supreme Court has declared the two-year period stated in Ga. Code §3-1004 to be 'the public policy' of that state." *Id.* at 1163 (quoting *Taylor v. Murray*, 204 S.E.2d 747 (Ga. 1974)).

    3. <u>*Post-Bodnar to Etheridge* (1994)</u>: The supreme court next took up the issue in *Sanders v. Liberty Nat'l Life Ins. Co.*, 443 So. 2d 909 (Ala. 1983). Sanders pleaded fraud under Florida law. Florida's applicable statute of limitation was four years;

---

[1] Alabama repealed the 1-year statute a few years after *Bodnar*. *See* Ala. Acts 85-39, p.40.

Alabama's was one year. *Id.* at 912. The following is the entire state supreme court's analysis:

> Alabama courts will only apply another state's statute of limitations when it is demonstrated that 'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.' *Department of Revenue v. Lindsey*, 343 So.2d 535, 537 (Ala.Civ.App.1977). In other words, the limitation must be found to be a part of the 'public policy' of the other state. *See Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161, 1163 (Ala.1980). Sanders has failed to show this court that such is true of the Florida statute of limitations applicable to fraud. Consequently, Alabama's one-year statute of limitations was properly applied by the trial court, and Sanders's fraud counts are barred in the courts of this state.

*Id.* As you can see, the supreme court reverted to the traditional "built in" rule. The court paid lip service to *Bodnar* by saying that a State shows that its time-bar is "public policy" when the State includes the time-bar in "the statute creating the [substantive] right." *Id.* Of course, that's not what *Bodnar* held. Rather, this single line appears to be the state court's attempt to gloss over its refusal to apply its historical "built in" rule in *Bodnar*.

Just one year later, *Bodnar* disappeared entirely. In *Cofer v. Ensor*, 473 So. 2d 984 (Ala. 1985), the supreme court had to determine whether a statute of limitation was tolled, which required the court to determine whether the time bar was a procedural "statute of limitation" or a substantive "statute of creation." Harkening back to the "built in" rule, the court held that "where a prescriptive period is contained within the statutory grant of a cause of action, it is a statute of creation,

and the period is deemed a portion of the substantive right itself, not subject to the tolling provision. [citation omitted]. On the other hand, where the prescriptive period comes from without the statute, it is a statute of limitations, to which the tolling provisions apply." *Id*.

In *Etheredge v. Genie Indus., Inc.*, 632 So. 2d 1324 (1994), the supreme court carried *Cofer's* "statute of limitation" and "statute of creation" monikers over to the issue at hand: determining whether a foreign State's statute of limitation or repose is procedural or substantive. At the time, North Carolina's statute of repose was six years after the sale of the defective product. Etheridge was injured in North Carolina by a product that was sold 11 years before it caused Etheridge's injury.

The supreme court began by noting that the general rule is that "most statutes of limitation are deemed procedural rather than substantive," *id.* at 1326 (quoting Robert A. Leflar, *et al*, *American Conflicts Law* 348 (1986)), and that "Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only." *Id.* Then, in describing substantive statutes of creation, the court referred to its historical "built-in" rule: "[W]e will apply another state's statute of limitations only when it is demonstrated that 'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'" *Id.* at 1327 (quoting *Dep't of Revenue v. Lindsey*, 343 So.2d 535, 537 (Ala. Civ. App. 1977); *Cofer*, 473 So.2d at

987)). The court found that North Carolina's 6-year statute of repose was a "statute of limitation," rather than a "statute of creation," because it was found in the separate Civil Procedure chapter of North Carolina's General Statutes.

Besides the court's application of the "statute of creation" (or "built in") rule, three other aspects of the *Etheridge* decision are noteworthy. First, *Bodnar* appears only once in the opinion—*i.e.,* a "*see also*" citation for the proposition that the court "will enforce only those laws of the other state that are substantive in nature." *Id.* at 1326. Second, the term "public policy" does not appear in the opinion. Third, the court rejected the Defendant's citation to North Carolina Supreme Court cases "interpreting the statute as substantive." *Id.* at 1327. The Alabama court noted that, under Alabama conflict of law rules, "it is for this Court to determine whether the statute is substantive or procedural. The North Carolina decisions are of no legal consequence for purposes of this analysis. It is Alabama law that is binding." *Id.*

4. Post-*Etheredge*: *Sanders* and *Etheridge* seemed to wipe *Bodnar's* "public policy" holding clean from Alabama's precedential slate. In fact, the Alabama Supreme Court has not cited *Bodnar* since its brief appearance as a '*see also*' citation in *Etheredge* 26 years ago.

The "statute of creation" (or "built in") rule, however, is firmly entrenched. In *Precision Gear Co. v. Continental Motors, Inc.*, 135 So.3d 953 (Ala. 2013), for example, the supreme court had to determine whether Alabama's 2-year statute of

limitation or Oklahoma's 6-year statute applied to indemnity claims filed under Oklahoma common law and Oklahoma's indemnity statute. The supreme court started by noting that "in most instances, statutes of limitations are procedural matters," *id.* at 957, then quoted *Etheridge* and *Cofer*'s (post-*Bodnar*) enunciation of the "statute of creation" rule: "we will apply another state's statute of limitations only when it is demonstrated that 'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." *Id.* (quoting *Etheridge*, 632 So.2d at 1327; *Cofer*, 473 So.2d at 987). Because Oklahoma's 6-year statute neither appeared in common law or the Oklahoma indemnity statute, the court found that Alabama's 2-year statute applied. *Id.*

\* \* \*

In short, the court finds that Alabama applies the "statute of creation" or "built in" rule for determining whether a foreign state's statute of limitation is substantive or procedural. The Alabama Supreme Court has consistently ignored *Bodnar's* use of a foreign state court's "public policy" statement after issuing the opinion, and the court expressly repudiated reliance on other state courts' classification of statutes of limitation as substantive in *Etheredge*. In other words, *Bodnar* is dead in state court. Only we federal courts give it life.

### B. Tennessee's 1-year Statute of Limitation, not Creation

Once the proper rule is applied, the answer is rather easy. In the words of the Alabama Supreme Court, "we will apply another state's statute of limitations only when it is demonstrated that 'the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'" *Etheridge*, 632 So. 2d at 1327 (quoting *Cofer*, 473 So.2d at 987).

Johnson pleaded her claims under common law, not Tennessee statutes. *See* Doc. 1 at 2-8. So it is impossible for Tennessee's 1-year statute of limitation to be "bound up in the statute creating the right" asserted by Johnson. *Etheredge*, 632 So.2d at 1327. The Alabama Supreme Court applied this simple logic in *Precision Gear Co.*: "Oklahoma's common law indemnity is not a right created by statute, and thus the criterion for applying another state's statute of limitations is not applicable to this cause of action. . . . Therefore, the Court will apply Alabama's statutes of limitation to Continental's indemnity claims." 135 So. 3d 953. Because Tennessee's 1-year time bar is a statute of limitation, not a statute of creation, it is procedural. So Alabama's 2-year statute of limitation applies.

### C. Distinguishing *Murphy*

To support the opposite conclusion, Defendants block quote the contrary Northern District decision in *Murphy*, 2012 WL 3542296. Doc. 1 at 5-9. For starters, the *Murphy* court agreed with this court's finding that Tennessee's 1-year statute "is

not 'built-in' to the wrongful death statute." *Id.* at *2. But the *Murphy* court still found that Tennessee's statute was substantive by noting that (a) *Bodnar* applied Georgia's statute of limitation, in part, because the Georgia supreme court called it a matter of "public policy," and (b) the Tennessee supreme court has similarly called its general statute of limitation "public policy which affords plaintiffs what the legislature deems to be a reasonable time to present their claims[.]" *Id.* (quoting *Wyatt v. A-Best Co., Inc.*, 910 S.W.2d 851, 855 (Tenn. 1995).

This court disagrees with *Murphy's* public policy-based holding for three reasons. First, *Murphy* discusses no Alabama cases decided after 1983, meaning that *Murphy* fails to grapple with *Cofer*, *Etheredge*, and the other cases that seem to repudiate *Bodnar's* public policy-based holding. Second, by failing to address *Etheredge*, *Murphy* fails to note that the Alabama Supreme Court repudiated its reliance on foreign state courts' statements that classify their statutes of limitations: "it is for this Court to determine whether the statute is substantive or procedural. The North Carolina decisions are of no legal consequence for purposes of this analysis. It is Alabama law that is binding." *Etheredge*, 632 So. 2d at 1327. Third, all statutes reflect public policy; that's why state legislatures pass them. If simply calling a statute "public policy" is enough to find a statutory time-bar substantive, then *Bodnar* swallows all other rules whole. *See Reece*, 63 F. Supp. 3d at 1341-45 (similarly noting that application of *Bodnar's* "public policy" rationale would

"quickly swallow the general rule that most statutes of limitation are deemed procedural rather than substantive").

\* \* \*

In sum, under Alabama conflict of law rules, Tennessee's 1-year statute of limitation cannot apply unless it is built into the same statute that Johnson bases her claims on. Because Johnson bases her claims on common law, not Tennessee statutes, Tennessee's time-bar is a procedural statute of limitation that cannot apply. Instead, Alabama's 2-year statute of limitation applies. Because Johnson filed this case less than two years after her fall, her claims are not time barred.

## II.   Equitable Considerations

Johnson originally sued Bass Pro LLC in Tennessee state court, and that case was removed to a Tennessee-based federal court. When Bass Pro LLC moved for summary judgment because it did not own the parking lot where Johnson fell, *see* Doc. 37-5, Johnson sought voluntary dismissal under Rule 42(a), stating that she "intend[ed] to file an action against other potentially responsible parties." Doc. 37-6. The federal court granted the motion. Doc. 37-7. Johnson then filed this case in Alabama federal court, Doc. 1, thereby subjecting herself to Alabama's 2-year statute of limitation as discussed in Part I.

Defendants complain that "allowing [Johnson] to manipulate the statute of limitations in the manner that has occurred in this case is inequitable and results in

clear legal prejudice to the Defendants." Doc. 38 at 11. In other words, Defendants ask this court to apply equity to circumvent the law—thereby sneaking Tennessee's 1-year statute in through the back door. The court refuses for three reasons.

First, the Tennessee federal court did nothing wrong. Rule 41(a)(2) allows a plaintiff to dismiss an action voluntarily and without prejudice, if the court approves. Fed. R. Civ. P. 41. "A district court considering a motion for dismissal without prejudice should consider mainly the interests of the defendant, for it is the defendant's position that court should protect." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986). Bass Pro LLC was the only Defendant in Johnson's Tennessee case, and Bass Pro LLC had a pending motion seeking to be dismissed from the case. So the district court's dismissal order did not prejudice Bass Pro LLC; it gave Bass Pro LLC what it wanted.

Second, the Eleventh Circuit has held that district courts can grant voluntary dismissals, even if doing so will cost the Defendant a valid statute of limitations defense, if the equities tip in favor of the Plaintiff who seeks to refile elsewhere. *See Arias v. Cameron*, 776 F.3d 1262 (11th Cir. 2015) (reaffirming *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855 (11th Cir. 1986)). Defendants rely on cases that the Eleventh Circuit declined to follow in *Arias. Id.* at 1274 (declining to follow *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924 (7th Cir. 2007) and *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984 (5th Cir. 1989)).

Finally, and perhaps most importantly, the present Defendants were not parties in Johnson's Tennessee case, so neither Johnson's motion nor the Tennessee court's order could have prejudiced them. Johnson sued Defendants for the first time here, in Alabama, where the statute of limitation does not act as a bar. Defendants' argument that, as first-time Defendants, they are suffering *more* prejudice than the Defendants in *Arias* and *McCants*—Defendants who Plaintiffs moved from a more favorable forum to a less favorable one—is odd at best, risible at worst.

In short, Defendants were sued for the first time in Alabama. They were able to raise a statute of limitations defense, and for the reasons detailed in Part I, it failed. So Defendants are now in the same boat as countless other Defendants; they must face the merits of a timely filed case. That Johnson had sued a different Defendant elsewhere in no way changes these basic, equitable facts.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (doc. 36) is **DENIED**.

**DONE** this 2nd day of November, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE